George R. Hebard Jr., Esq. Village Attorney, Hamburg
You have asked whether the positions of member of a village planning board and town code enforcement officer are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
You have informed us that the town code enforcement officer is responsible for supervision of the building inspector, electrical inspector, plumbing inspector and other employees of the town working in these areas.
The village planning board has responsibility for the development of the master plan which forms the basis for development in the village (Village Law, § 7-722); has authority to conduct investigations and to produce maps, reports and recommendations related to planning and development in the village that it deems desirable (id., § 7-726); and may be given the responsibility to approve site plans (id., § 7-725) and subdivision plans (id., § 7-728).
In our view, there is no incompatibility between the two positions. The village planning board is limited in its jurisdiction to the territory of the village and you have informed us that the town code enforcement officer performs his duties only in the area of the town outside of the village. Thus, in that there is no interaction between the two positions, there can be no incompatibility of office. We note that in a prior opinion, in which we reviewed the compatibility of the offices of planning board member and assistant building inspector when held by one person in the same municipality, we concluded that the duties are consistent (Informal Opinion No. 88-58).
We conclude that the positions of village planning board member and town code enforcement officer are compatible.